USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 94-1963 VICTOR FELIZ-CUEVAS, Plaintiff, Appellant, v. EDWARD T. MULDOON, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Torruella, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Victor Feliz-Cuevas on brief pro se. ___________________ Paul V. Buckley and Danna A. Curhan on brief for appellee. _______________ _______________ ____________________ January 25, 1995 ____________________ Per Curiam. We affirm the dismissal of plaintiff's __________ contract action against his former attorney because the federal court lacked jurisdiction to decide the case. _______ Whether defendant had violated the alleged agreement to represent plaintiff presented only an issue of state law, _____ which a federal court may not decide unless the requirements _______ for diversity jurisdiction, one of which is that the amount in controversy exceed $50,000, 28 U.S.C. 1332, are satisfied. While plaintiff's complaint sought return of his $16,000 deposit, plus $4,000,000 in punitive damages and $2,000,000 in compensatory damages, the latter two amounts can not be counted because punitive damages may not be recovered under Massachusetts law in a contract action, DeRose v. Putnam Management Co., 398 Mass. 205, 212, 496 __________________________________ N.E.2d 428, 432 (1986), and the factual situation described in the complaint would not permit a compensatory damage award in an amount sufficient to meet the $50,000 requirement. Regardless whether or not defendant wrongfully refused to return plaintiff's $16,000 deposit, plaintiff was not justified in illegally entering this country, and defendant can not be held financially responsible for plaintiff's present incarceration. The judgment dismissing plaintiff's action is affirmed. Where, as here, the requirements for diversity jurisdiction have not been satisfied, a contract action belongs in state -2- court. -3-